UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Frank Betz Associates, Inc.,<br><br>    Plaintiff,<br><br>vs.<br><br>Builders Mutual Insurance Company,<br><br>    Defendant. | C. A. No.: _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Frank Betz Associates, Inc. ("Betz"), complaining of the Defendant Builders Mutual Insurance Company ("Builders Mutual") herein, respectfully alleges and shows as follows:

### GENERAL ALLEGATIONS

1. Betz is a corporation organized and existing under the laws of the state of Georgia, with its principal place of business in Kennesaw, Georgia.

2. On information and belief, Builders Mutual is an insurance company organized and existing under the laws of the state of North Carolina, authorized to write insurance and writing insurance in several states, including Tennessee, Virginia, North Carolina, and South Carolina.

3. This action is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and Rule 57 of the Federal Rules of Civil Procedure.

4. The amount in controversy exceeds $75,000 exclusive of costs and interest.

5. This Court has jurisdiction over this matter based on the amount in controversy

1

and the diversity of citizenship among the parties.

6. Venue is proper in this district under 28 U.S.C. § 1391 because Builders Mutual resides in this district for purposes of venue, does business in this district, is subject to personal jurisdiction here, and because a substantial part of the events or omissions giving rise to the claim occurred here, in that this dispute involves a determination of coverage provided under policies issued to Builders Mutual insureds doing business in this district.

7. Betz is engaged in the business of creating, designing, producing, distributing, and marketing original architectural works, architectural working drawings, and related technical drawings. Betz has achieved national recognition for the quality and originality of its work.

8. As part of its business, Betz has created the following architectural works (collectively referred to, along with any predecessors or derivatives thereof, as the "Betz Designs"):

Prior to August 1, 1992, Betz created the "Aldridge," a representative rendering and floor plan of which is attached hereto as Exhibit "1." The copyright in this work has been registered with the United States Copyright Office as evidenced by Certificate of Registration No. VA 947-303, effective December 7, 1998.

Prior to August 1, 1998, Betz created the "Brewster," a representative rendering and floor plan of which is attached hereto as Exhibit "2." The copyright in this work has been registered with the United States Copyright Office as evidenced by Certificate of Registration No. VA 1-017-474, effective May 9, 2000.

Prior to August 1, 1999, Betz created the "Buckingham," a representative rendering and floor plan of which is attached hereto as Exhibit "3." The copyright in this

2

work has been registered with the United States Copyright Office as evidenced by Certificate of Registration No. VA 997-935, effective July 24, 2000.

Prior to August 1, 1999, Betz created the "Garmon," a representative rendering and floor plan of which is attached hereto as Exhibit "4." The copyright in this work has been registered with the United States Copyright Office as evidenced by Certificate of Registration No. VA 1-044-779, effective October 23, 2000, effective May 9, 2000.

Prior to February 1, 1994, Betz created the "Holland," a representative rendering and floor plan of which is attached hereto as Exhibit "5." The copyright in this work has been registered with the United States Copyright Office as evidenced by Certificate of Registration No. VA 997-898, effective April 3, 2000.

Prior to February 1, 1998, Betz created the "Laredo," a representative rendering and floor plan of which is attached hereto as Exhibit "6." The copyright in this work has been registered with the United States Copyright Office as evidenced by Certificate of Registration No. VA 1-027-121, effective July 18, 2000.

Prior to February 1, 1997, Betz created the "Michelle," a representative rendering and floor plan of which is attached hereto as Exhibit "7." The copyright in this work has been registered with the United States Copyright Office as evidenced by Certificate of Registration No. VA 1-073-500, effective March 28, 2000.

Prior to February 1, 2002, Betz created the "Tuscany," a representative rendering and floor plan of which is attached hereto as Exhibit "8." The copyright in this work has been registered with the United States Copyright Office as evidenced by Certificate of Registration No. VA 1-126-434, effective February 5, 2002.

9. The Betz Designs contain material wholly original to Betz that are copyrightable

subject matter under 17 U.S.C. §§ 101 *et seq.*

10. Betz is currently, and at all relevant times has been, the sole owner of all right, title and interest in and to the copyrights in the Betz Designs.

11. Signature Homes, Inc. is a Tennessee corporation that was insured by Builders Mutual at all relevant times, with its principal place of business in Murfreesboro, Tennessee.

12. Signature Partnership, LLC is a Tennessee limited liability company that was insured by Builders Mutual at all relevant times, with its principal place of business in Murfreesboro, Tennessee.

13. Brian Burns is a citizen and resident of Tennessee and was insured by Builders Mutual at all relevant times.

14. From the time of its creation until the present, Brian Burns was President and sole owner of Signature Homes, Inc.

15. From the time it was created in early 2005 until at least through January 2008, Signature Homes, Inc., through its principal Brian Burns, owned and controlled Signature Partnership, LLC.

16. Between June 2006 and June 2007, Betz discovered that Signature Homes, Brian Burns, and Signature Partnership, LLC were constructing homes from home designs that infringed on the copyrights in the Betz Designs.

17. During the period from July 18, 2002 through January 2008, Signature Homes, Inc. and Brian Burns advertised and marketed homes and home designs that were infringements of the Betz Designs.

18. During the period from July 18, 2002 through January 2008, Signature Homes and Brian Burns included infringements of the Betz Designs in their advertisements for homes

4

constructed from home designs that were infringements of the Betz Designs.

19. During the period from September 8, 2005 through January 2008, Signature Partnership, LLC and Brian Burns advertised and marketed homes and home designs that were infringements of the Betz Designs.

20. During the period from September 8, 2005 through January 2008, Signature Partnership, LLC and Brian Burns included infringements of the Betz Designs in their advertisements for homes constructed from home designs that were infringements of the Betz Designs.

21. Betz was the plaintiff in a civil action encaptioned <u>Frank Betz Associates, Inc. v. Signature Homes, Inc., Brian Burns, and Signature Partnership, LLC</u>, Civil Action No. 3:06-0911 ("the Underlying Action").

22. In the Underlying Action, Betz alleged, among other things, that Signature Homes, Inc., Brian Burns, and Signature Partnership, LLC engaged, at least in part, in the business of modifying, publishing, distributing, marketing, advertising, building, constructing, and selling residential home designs through traditional print media and the World Wide Web on sites such as www.signaturehome.net, and in marketing, advertising, constructing and selling homes according to such plans.

23. In the Underlying Action, Betz alleged, among other things, that Signature Homes, Inc., Brian Burns, and Signature Partnership, LLC published, distributed, marketed, and advertised certain architectural designs for single family residential homes, each consisting of a floor plan and exterior elevations, that were identified and marketed as the following (collectively referred to, along with any predecessors, copies, or derivatives hereof under the same or different names, as the "Infringing Designs"): "the 'Angela'"; "the 'Kyla'"; "the

'Jennie'"; "the 'Jessica'"; "the 'Denise'"; "the 'Jacob'"; "the 'Avant'"; "the 'Nixon'"; and "the 'Michael.'"

24. In the Underlying Action, Betz alleged, among other things, that Signature Homes, Inc., Brian Burns, and Signature Partnership, LLC marketed, advertised, and sold houses that were built from the Infringing Designs.

25. On February 2, 2012, after the conclusion of a jury trial in the Underlying Action, the jury returned a verdict in favor of Betz for damages in the amount of One Million Four Hundred Three Thousand Seven Hundred Fourteen Dollars ($1,403,714) for copyright infringement against each of Signature Homes, Inc., Brian Burns, and Signature Partnership, LLC, jointly and severally. A copy of the jury verdict forms are attached hereto collectively as Exhibit 9.

26. On February 6, 2012, judgment was entered by the Court in the Underlying Action in favor of Betz and against each of Signature Homes, Inc., Brian Burns, and Signature Partnership, LLC, jointly and severally, for damages in the amount of One Million Four Hundred Three Thousand Seven Hundred Fourteen Dollars ("$1,403,714) for copyright infringement. A copy of the entry of judgment is attached hereto as Exhibit 10.

27. On information and belief, Betz is filing a petition for an award of attorneys' fees and costs in the Underlying Action pursuant to 17 U.S.C. § 505, and if awarded, such attorneys' fees and costs will become part of the judgment against each of Signature Homes, Inc., Brian Burns, and Signature Partnership, LLC, jointly and severally.

28. For good and legal consideration, Builders Mutual provided insurance coverage for the period of July 18, 2002 to July 18, 2003 to Signature Homes, Inc. and Brian Burns under a commercial general liability policy, Policy No. CPP 12090 00 ("Signature Homes Policy No.

12090 00"). On information and belief, a true and correct copy of Signature Homes Policy 12090 00 is attached hereto as Exhibit 11.

29. Signature Homes Policy No. 12090 00 provides up to $1,000,000 in coverage for "Personal and Advertising Injury".

30. For good and legal consideration, Builders Mutual provided insurance coverage for the period of July 18, 2003 to July 18, 2004 to Signature Homes, Inc. and Brian Burns under a commercial general liability policy, Policy No. CPP 12090 01 ("Signature Homes Policy No. 12090 01").

31. Signature Homes Policy No. 12090 01 provides up to $1,000,000 in coverage for "Personal and Advertising Injury". The relevant policy language concerning "Personal and Advertising Injury" coverage contained in Signature Homes Policy No. 12090 01 is identical to that contained in Signature Homes Policy No. 12090 00.

32. For good and legal consideration, Builders Mutual provided insurance coverage for the period of July 18, 2004 to July 18, 2005 to Signature Homes, Inc. and Brian Burns under a commercial general liability policy, Policy No. CPP 12090 02 ("Signature Homes Policy No. 12090 02").

33. Signature Homes Policy No. 12090 02 provides up to $1,000,000 in coverage for "Personal and Advertising Injury". The relevant policy language concerning "Personal and Advertising Injury" coverage contained in Signature Homes Policy No. 12090 02 is identical to that contained in Signature Homes Policy No. 12090 00.

34. For good and legal consideration, Builders Mutual provided insurance coverage for the period of July 18, 2005 to March 10, 2006 to Signature Homes, Inc. and Brian Burns under a commercial general liability policy, Policy No. CPP 12090 03 ("Signature Homes Policy

No. 12090 03").

35. Signature Homes Policy No. 12090 03 provides up to $1,000,000 in coverage for "Personal and Advertising Injury". The relevant policy language concerning "Personal and Advertising Injury" coverage contained in Signature Homes Policy No. 12090 03 is identical to that contained in Signature Homes Policy No. 12090 00.

36. For good and legal consideration, Builders Mutual provided insurance coverage for the period of March 10, 2006 to March 10, 2007 to Signature Homes, Inc. and Brian Burns under a commercial general liability policy, Policy No. CPP 12090 04 ("Signature Homes Policy No. 12090 04").

37. Signature Homes Policy No. 12090 04 provides up to $1,000,000 in coverage for "Personal and Advertising Injury". The relevant policy language concerning "Personal and Advertising Injury" coverage contained in Signature Homes Policy No. 12090 04 is identical to that contained in Signature Homes Policy No. 12090 00.

38. For good and legal consideration, Builders Mutual provided insurance coverage for the period of March 10, 2007 to March 10, 2008 to Signature Homes, Inc. and Brian Burns under a commercial general liability policy, Policy No. CPP 12090 05 ("Signature Homes Policy No. 12090 05").

39. Signature Homes Policy No. 12090 05 provides up to $1,000,000 in coverage for "Personal and Advertising Injury". The relevant policy language concerning "Personal and Advertising Injury" coverage contained in Signature Homes Policy No. 12090 05 is identical to that contained in Signature Homes Policy No. 12090 00.

40. For good and legal consideration, Builders Mutual provided insurance coverage for the period of March 10, 2006 to March 10, 2007 to Signature Homes, Inc. and Brian Burns

under a commercial umbrella policy, Policy No. UMB 4697 04 ("Signature Homes Umbrella Policy No. 4697 04"). On information and belief, a true and correct copy of Signature Homes Umbrella Policy No. 4697 04 is attached hereto as Exhibit 12.

41. Signature Homes Umbrella Policy No. 4697 04 provides up to $1,000,000 in excess liability coverage for "Personal and Advertising Injury" over and above the $1,000,000 in coverage provided by Signature Homes Policy No. 12090 05.

42. For good and legal consideration, Builders Mutual provided insurance coverage for the period of September 8, 2005 to September 8, 2006 to Signature Partnership, LLC and Brian Burns under a commercial general liability policy, Policy No. CPP 22573 00 ("Signature Partnership Policy No. 22573 00"). On information and belief, a true and correct copy of Signature Partnership Policy No. 22573 00 is attached hereto as Exhibit 13.

43. Signature Partnership Policy No. 22573 00 provides up to $1,000,000 in coverage for "Personal and Advertising Injury".

44. For good and legal consideration, Builders Mutual provided insurance coverage for the period of September 8, 2006 to September 8, 2007 to Signature Partnership, LLC and Brian Burns under a commercial general liability policy, Policy No. CPP 22573 01 ("Signature Partnership Policy No. 22573 01").

45. Signature Partnership Policy No. 22573 01 provides up to $1,000,000 in coverage for "Personal and Advertising Injury". The relevant policy language concerning "Personal and Advertising Injury" coverage contained in Signature Partnership Policy No. 22537 01 is identical to that contained in Signature Homes Policy No. 22573 00.

46. For good and legal consideration, Builders Mutual provided insurance coverage for the period of September 8, 2005 to September 8, 2006 to Signature Partnership, LLC and

9

Brian Burns under a commercial umbrella policy, Policy No. UMB 6226 00 ("Signature Partnership Umbrella Policy No. 6226 00"). On information and belief, a true and correct copy of Signature Homes Umbrella Policy No. 6226 00 is attached hereto as Exhibit 14.

47. Signature Partnership Umbrella Policy No. 6226 00 provides up to $1,000,000 in excess liability coverage for "Personal and Advertising Injury" over and above the $1,000,000 in coverage provided by Signature Partnership Policy No. 22573 00.

48. For good and legal consideration, Builders Mutual provided insurance coverage for the period of September 8, 2006 to September 8, 2007 to Signature Partnership, LLC and Brian Burns under a commercial umbrella policy, Policy No. UMB 6226 01 ("Signature Partnership Umbrella Policy No. 6226 01").

49. Signature Partnership Umbrella Policy No. 6226 01 provides up to $1,000,000 in excess liability coverage for "Personal and Advertising Injury" over and above the $1,000,000 in coverage provided by Signature Partnership Policy No. 22573 01. The relevant policy language concerning "Personal and Advertising Injury" coverage contained in Signature Partnership Umbrella Policy No. 6226 01 is identical to that contained in Signature Partnership Umbrella Policy No. 6226 00.

50. All of the insurance policies above are identified hereinafter collectively as "the Policies."

51. On information and belief, for good and legal consideration, Builders Mutual provided additional insurance coverage to Signature Homes, Inc., Signature Partnership, LLC, and Brian Burns in addition to the Policies.

52. One or more of the Policies identified above were in effect when all of the acts by Signature Homes, Inc., Brian Burns, and Signature Partnership, LLC that infringed Betz's

copyright in the Betz Designs occurred.

53. Each of the Policies identified above provides coverage for "Personal and Advertising Injury," which expressly includes an agreement by Builders Mutual that it will pay "those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies."

54. Each of the Policies expressly provides that "[a] person or organization may sue us to recover on … a final judgment against an insured…."

55. "Personal and Advertising Injury" is defined in the Policies as "injury ... arising out of … [i]nfringing upon another's copyright … in your 'advertisement'."

56. "Advertisement" is defined in the Policies as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers."

57. In the Underlying Action, Betz contended, among other things, that Signature Homes, Inc., Signature Partnership, LLC, and Brian Burns had infringed Betz's copyrights in the Betz Designs by using Infringing Designs to advertise, promote, market, and sell houses constructed from the Infringing Designs, used Infringing Designs to create infringing derivative works in the form of houses constructed in the area of Murfreesboro, Tennessee, used infringements of the Betz Designs to advertise the infringing works, and sold the infringing works.

58. Signature Homes, Inc., Brian Burns, and Signature Partnership, LLC all used the Infringing Designs to advertise infringing houses in a manner constituting "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers" and therefore constituted

"advertisement" within the meaning of the Policies.

59. In the Underlying Action, the Court entered partial summary judgment against Signature Homes, Inc., Brian Burns, and Signature Partnership, LLC based on a finding that there was no genuine dispute of material fact that Betz owned valid copyrights in the Betz Designs.

60. After a jury trial in the Underlying Action, the jury returned a verdict in favor of Betz that Signature Homes, Inc., Brian Burns, and Signature Partnership, LLC had committed infringement of the copyright in the Betz Designs as asserted by Betz.

61. The entry of partial summary judgment and the subsequent jury verdict against Signature Homes, Inc., Brian Burns, and Signature Partnership, LLC was defended by attorneys hired and paid by Builders Mutual to defend Signature Homes, Inc., Brian Burns, and Signature Partnership, LLC pursuant to the Policies, and now constitute a final judgment which legally obligates Signature Homes, Inc., Brian Burns, and Signature Partnership, LLC to pay Betz the award of damages in the Underlying Action.

62. In addition, the Policies expressly provides that Builders Mutual will pay "[a]ll costs taxed against the insured in the 'suit'."

63. The Copyright Act expressly provides that "the court may award a reasonable attorney's fee to the prevailing part as part of the costs." 17 U.S.C. § 505 (emphasis added).

64. Builders Mutual is obligated by the Policies to pay the entire amount of damages and costs including attorneys' fees awarded to Betz in the Underlying Action against Signature Homes, Inc., Signature Partnership, LLC, and Brian Burns.

65. Builders Mutual is also obligated as a matter of law to pay the costs including attorneys' fees incurred by Betz in this action.

66. Accordingly, Betz is entitled to recover from Builders Mutual the entire amount of damages and costs including attorneys' fees awarded to Betz in the Underlying Action, plus interest thereon, plus the costs including attorneys' fees incurred in this action.

## FOR A FIRST DECLARATION

67. Betz repeats, re-alleges, and incorporates all prior paragraphs as if fully set forth verbatim herein.

68. The award of damages, attorneys' fees, and costs in the Underlying Action falls within the coverage of "Personal and Advertising Injury" under the Policies.

69. Therefore, Betz is entitled to a declaration that Builders Mutual, through one or more of the Policies, provides coverage for the award of damages and any award of attorneys' fees and costs made to Betz in the Underlying Action.

WHEREFORE, Betz prays that the Court inquire into these matters and issue the above-requested declaration and award the following relief:

1. A declaration that Builders Mutual is obligated to pay to Betz the full amount of the judgment for damages in the Underlying Action, along with any award of attorneys' fees and costs made to Betz in the Underlying Action, plus Betz's attorneys' fees and costs in connection with prosecuting this declaratory judgment against Builders Mutual; and

2. Entry of judgment in favor of Betz and against Builders Mutual in the amount of $1,403,714, plus judgment in the amount of any attorneys' fees and costs awarded to Betz in the Underlying Action, plus judgment in the amount of Betz's attorneys' fees and costs in connection with prosecuting this declaratory judgment action against Builders Mutual; and

13

Case 3:12-cv-00152 Document 1 Filed 02/07/12 Page 13 of 14 PageID #: 13

3. Such other and further relief as the Court may deem appropriate.

Betz respectfully demands a trial by jury on all issues so triable.

Respectfully submitted,

_s/ E. Steele Clayton, IV_
E. Steele Clayton IV, Esq. (Bar No. 17298)
BASS, BERRY & SIMS PLC
Pinnacle at Symphony Place
150 3rd Avenue, Suite 2800
Nashville, Tennessee 37201
Telephone: (615) 742-6205
Facsimile: (615) 742-6200
E-Mail: sclayton@bassberry.com

AND

Co-Counsel (*To Be Admitted Pro Hac Vice*):

Wallace K. Lightsey (D.S.C. I.D. No. 1037)
Troy A. Tessier (D.S.C. I.D. No. 6863)
Rita Bolt Barker (D.S.C. I.D. No. 10566)
WYCHE, P.A.
Post Office Box 728
Greenville, SC 29602-0728
Telephone: (864) 242-8200
Facsimile: (864) 235-8900
E-Mail: wlightsey@wyche.com;
ttessier@wyche.com
rbarker@wyche.com

Dated: February 7, 2012                    *ATTORNEYS FOR PLAINTIFF*